IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RACHEL RAE NICHOLS,<br><br>Plaintiff,<br><br>vs.<br><br>LAKE COUNTY JAIL, ET AL.,<br><br>Defendants. | Cause No. CV 22-135-M-DWM<br><br>ORDER |

Plaintiff Rachel Rae Nichols has filed a Complaint related to conditions of confinement at Lake County Jail, Polson, Montana. (Doc. 2.) She has also filed a motion for leave to proceed in forma pauperis. (Doc. 1.)

The Court has reviewed Nichols' Complaint to determine whether it should be consolidated with the other cases in the master docket of *In re: Conditions at Lake County Jail*, No. CV 22-127-M-DWM. Nichols potentially alleges three claims that relate to the Complaint in the master docket: she suffered "prolonged exposure to extreme unsanitary conditions" at Lake County, causing illness; she was charged for medical visits at Lake County; and she was prevented from practicing her Native American religion. (Doc. 2 at 7 – 8, 11.) Those claims will be consolidated in the master docket.

1

However, the gravamen of Nichols' Complaint is a medical negligence claim. She alleges that she was misdiagnosed for medical treatment, the doctor prescribed the wrong medicine, and she did not receive her medical records. (Doc. 2 at 6.) These are not constitutional claims that can be pursued in federal court via 42 U.S.C. § 1983 and will not become part of the consolidated case. A "mere lack of due care" does not violate the Constitution. Rather, Nichols "must prove more than negligence but less than subjective intent – something akin to reckless disregard,'" to state a constitutional claim related to medical care. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quotation marks omitted).

A pretrial detainee's claim for violation of the right to adequate medical care is evaluated under an objective deliberate indifference standard of the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 118, 1124-24 (9th Cir. 2018). To sue an individual defendant, Nichols must allege facts supporting an inference that each of the following elements exists:

1. The defendant "made an intentional decision with respect to the conditions under which the plaintiff was confined;"

2. "[T]hose conditions put the plaintiff at substantial risk of suffering serious harm";

3. The defendant "did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious;" and

4. "[B]y not taking such measures, the defendant caused the plaintiff's

2

injuries."

*Id.*, at 1125. As pled, Nichols has failed to allege sufficient facts regarding the actions of the named defendant, Dr. Lou Brennar, to state such a constitutional claim. If she intends to do so, she must file an amended complaint.

Finally, the account statement filed with Nichols' motion to proceed in forma pauperis demonstrates that she is able to pay the filing fee and therefore ineligible for appointment of counsel. (Doc. 1-1 at 2.) As a result, if she chooses to pursue her individual medical claims, she must do so pro se and pay the filing fee.

Accordingly,

IT IS ORDERED:

1. The relevant claims in the above-captioned case will be consolidated with the other cases in the master docket of *In re: Conditions at Lake County Jail*, No. CV 22-127-M-DWM.

2. Nichols' motion to proceed in forma pauperis is DENIED. 28 U.S.C. § 1915(a). If Nichols intends to pursue a constitutional claim related to her individual medical care at Lake County Jail, she must pay the filing fee and file an amended complaint within 21 days of the making of this Order.

DATED this 23rd day of August, 2022.

Donald W. Molloy, District Judge
United States District Court

3