IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE: CONDITIONS AT LAKE COUNTY JAIL, | CV 22–127–M–DWM<br><br>ORDER |

At some point in early 2023, the parties informally agreed to allow Plaintiffs' jail conditions expert to visit the Lake County Detention facility on March 1, 2023. At noon on February 28, defense counsel emailed Plaintiffs, providing a list of "parameters" that would govern the visit. (*See* attached.) Believing those conditions inappropriate and with the expert about to board a plane, Plaintiffs' counsel contacted chambers by telephone around 3:00 p.m. and requested an emergency discovery hearing. An emergency on the record telephonic conference was held at 3:30 p.m. on February 28.

In the course of that conference, Plaintiffs' counsel clarified that no formal request for inspection to visit the jail facility had been made under either Rule 26(b) or Rule 34(a) of the Federal Rules of Civil Procedure. Thus, the rights conferred on the requesting party under those rules have not been triggered here; rather, the impending inspection was based on an informal agreement between the parties. Thus, Plaintiffs' request for an emergency order related to the March 1

1

expert site visit is denied. Nonetheless, Lake County cannot prevent Plaintiffs from making a formal request and, once made, that inspection would not be subject to many of the County's proposed limitations. And, while Plaintiffs' expert's desire to speak to inmates and staff presents a more difficult question, it would be unreasonable for Lake County to take the position that Plaintiffs' expert is not permitted to speak to the actual plaintiffs themselves. Counsel are once again reminded that "every road has a turn."

IT IS ORDERED that Plaintiffs' request for emergency relief is DENIED.

DATED this 28th day of February, 2023.

_____
Donald W. Molloy, District Judge
United States District Court

2