Timothy M. Bechtold
Bechtold Law Firm, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Constance Van Kley
Rylee Sommers-Flanagan
Cameron Clevidence
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
406-306-0330
constance@uppersevenlaw.com
rylee@uppersevenlaw.com
cam@uppersevenlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE: CONDITIONS AT LAKE COUNTY JAIL, | CV 22-127-M-DWM<br><br>**Brief in Support of Unopposed Motion to Remove Class Representative Ness** |

## INTRODUCTION

Plaintiffs respectfully ask the Court to remove Samantha Ness as a named Class Representative in this matter.

Plaintiffs request to remove Class Representative Ness due to inability to communicate with Ms. Ness. Despite repeated attempts to contact Ms. Ness, through all identifiable channels of communication, Class Counsel has been unable to determine Ms. Ness's current whereabouts or secure her cooperation. As a result of Ms. Ness's inability to meet her obligation to respond to discovery requests and attend a deposition, the Court should remove Ms. Ness as a Class Representative.

## BACKGROUND

Class Counsel has made multiple attempts to contact Samantha Ness since the class was certified on October 11, 2022. Decl. of Constance Van Kley, ¶¶ 6–10. Counsel has attempted to contact Ms. Ness by telephone and mail. Counsel has spoken or attempted to speak with the tribal defenders, Ms. Ness's probation officer, Ms. Ness's friends and family members. Counsel has contacted criminal justice and rehab facilities near Ms. Ness's known prior addresses. *Id.* Despite repeated attempts to contact Ms. Ness, Counsel has been unable to

2

correspond with Ms. Ness and/or determine Ms. Ness's whereabouts. *Id.* at ¶ 6. As a result, Ms. Ness has not responded to Lake County's discovery requests or been available for deposition.

## ARGUMENT

### I. Removal of Samantha Ness as a Class Representative Is Warranted.

Pursuant to Rule 23(d) of the Federal Rules of Civil Procedure, general principles of equity, and the Court's inherent powers, the Court retains jurisdiction to modify the class and the Class Representatives. *See Cobell v. Norton*, 213 F.R.D. 43, 44 (D.D.C. 2003). The Court may remove a Class Representative unwilling or unable to respond to discovery for failure to fulfill their responsibility to the class. *See id.* at 46–47. Class Counsel have been unable to contact Ms. Ness since the class was formed.

Removal of Ms. Ness as a Class Representative would not affect the typicality of the remaining Class Representatives or their ability to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). The remaining Class Representatives maintain claims typical of those among the entire class, given that all claims rest on the shared experience of the conditions at the Lake County Jail. (Doc. 49 at 21.)

Subsequent to the removal of Samantha Ness, the remaining Class Representatives will include seven male and female inmates who were housed in different locations within the Lake County Jail during their period of incarceration. Courts have removed Class Representatives where significantly fewer named Plaintiffs remained. *See, e.g.*, *Cobell*, 213 F.R.D. at 46; *Plavin v. Grp. Health Inc.*, No. 3:17-CV-1462, 2022 WL 2310183, at *1 (M.D. Pa. June 27, 2022). The Class Representatives also continue to adequately represent the class because the remedy sought is injunctive relief that "will redound to the benefit of all members of the [class]." (Doc. 49 at 22.)

Class Counsel need not seek leave to withdraw from representation of Ms. Ness, as Class Counsel will continue to represent Ms. Ness as an unnamed class member. *See, e.g.*, *Aguilar v. Boulder Brands, Inc.*, No. 3:12-CV-01862-BTM, 2014 WL 4352169, at *11 (S.D. Cal. Sept. 2, 2014) (permitting removal of class representative without withdrawal of counsel); *Birmingham Steel Corp. v. Tennessee Valley Authority*, 353 F.3d 1331, 1341-43 (11th Cir. 2003) (same). Because Plaintiffs seek only injunctive relief and Ms. Ness will continue to be represented as a class member, removal can be accomplished without material adverse effect on Ms. Ness's interests. Should the Court

4

determine that withdrawal of representation is required, however, Class Counsel will file a motion for leave to withdraw in accordance with the Local Rules.

## CONCLUSION

Plaintiffs ask the Court to grant their motion to remove Samantha Ness as a Class Representative.

Respectfully submitted on July 30, 2023.

/s/ Constance Van Kley
Constance Van Kley
Cameron Clevidence
Rylee Sommers-Flanagan
UPPER SEVEN LAW


/s/ Timothy M. Bechtold
Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

*Attorneys for Plaintiff*

5