Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
406-721-1435
tim@bechtoldlaw.net

Constance Van Kley
Rylee Sommers-Flanagan
UPPER SEVEN LAW
P.O. Box 31
Helena, MT 59624
406-306-0330
constance@uppersevenlaw.com
rylee@uppersevenlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA MISSOULA DIVISION

| | |
|---|---|
| IN RE: CONDITIONS AT LAKE COUNTY JAIL, | CV 22-127-M-DWM<br><br>Brief in Support of Joint Motion for Preliminary Approval of Settlement, Notice to the Class, and Fairness Hearing |

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 23(e), the parties jointly submit this Brief in Support of their Motion for Preliminary Approval of Class Action Settlement Agreement, Order Authorizing Notice to the Class and the Scheduling of a Fairness Hearing.

## PROCEDURAL HISTORY

Plaintiffs filed their amended Class Action complaint on July 28, 2022. (Doc. 8.) Plaintiffs alleged that Defendants violated the First, Sixth, Eighth, and Fourteenth Amendment of the U.S. Constitution (Counts I and II), the Hellgate Treaty of 1855 (Count III), and Article II, Sections 3, 4, 5, 16, 17, 22, 28, and 34 of the Montana Constitution; the Montana Religious Freedom Restoration Act, MCA § 27-33-101, et seq.; and state statutory law relating to the operation and maintenance of jails and the rights of prisoners, including MCA §§ 7-32-2121; 7-32-2201; 7-32-2204; 7-22-2205; 7-32-2222; 7-32-2234; 45-5-204; 46-18-101; and 46-18-801 (Count IV). (*Id.*)

Plaintiffs brought a motion to certify a class and subclass of prisoners on the same day that they filed the amended complaint. (Doc. 9.) The Court granted Plaintiffs' motion in part on October 17,

2022. The Court certified the class as to Counts I, II, and IV under Fed. R. Civ. P. 23(a) and 23(b)(2). (Doc. 49.) The Court denied certification as to Count III and denied certification of the subclass. (*Id.*) The Court defined the class as "[a]ll persons incarcerated at Lake County Jail as of September 3, 2021 to the present, as well as all current and future inmates." (*Id.*)

The parties subsequently exchanged class-wide information through discovery. Plaintiffs and Defendant each sent and responded to four sets of discovery requests. Defendant deposed all Class Representatives, and Plaintiffs deposed five employees of the Jail. Both Parties' expert witnesses conducted interviews, visited the Jail facility in Polson, MT, and subsequently wrote reports on their findings pertaining to the conditions of the Lake County Jail.

### SUMMARY OF PROPOSED SETTLEMENT AGREEMENT

Subject to final approval by the Court, the Proposed Settlement Agreement attached as Exhibit A ("Agreement") will settle all remaining substantive claims in this action. The Agreement specifically sets forth both parties' agreement and understanding that, upon expiration of the notice period and fairness hearing, the parties will seek final approval of

3

the Agreement. If the Court gives final approval, the parties will move to dismiss the claims pursuant to the approved settlement. The settlement agreement includes the following substantive terms summarized here:

1. **Outdoor Recreation**

Defendant Lake County will construct a secure outdoor recreation area of approximately 1,500 square feet of space for the use by inmates of the Lake County Jail. The outdoor recreation area will be directly accessible from the Lake County Jail and constructed in accordance with American Correctional Association Standards and architectural design. Defendant Lake County agrees to have the outdoor recreation area completed no later than one year from the date on which this Court approves the Settlement Agreement, unless unforeseen delays arise out of construction of the outdoor recreation area.

2. **Additional Housing**

Defendant Lake County agrees to construct additional inmate housing units totaling approximately 960 square feet of space. The additional inmate housing units shall be constructed in accordance with American Correctional Association Standards and architectural design.

4

Defendant Lake County agrees to have the additional housing units completed no later than three years from the date on which this Court approves the Settlement Agreement, unless unforeseen delays arise out of construction of the additional housing units.

    3.    **Classification**

Defendant Lake County agrees to implement and sustain an objective inmate classification policy consistent with generally accepted jail practices and conforming to the practices supported by the National Institute of Corrections. Lake County Jail agrees to appoint a classification officer or shift supervisor, who will receive training specific to inmate classification and review classification at the Jail. The inmate classification policy will provide Lake County inmates with an opportunity to (1) learn their specific classification level upon booking; (2) learn whether their placement within the facility corresponds to their classification level; and (3) request a review of their specific classification level after twenty-one (21) days of being assigned their initial classification level. Defendant Lake County shall make best efforts to separate female inmates by classification, as allowed by the jail design and population.

4. Jail Policies

Defendant Lake County has adopted Jail policies adapted from Lexipol and is in the process of adopting Jail procedures adapted from Lexipol. These policies and procedures represent appropriate efforts to comply with statutory and constitutional requirements. Defendant Lake County will maintain these policies or similarly appropriate policies and will conduct and provide trainings for all staff that implement these policies. Defendant Lake County has provided inmates regular access to a Native American religious leader. Defendant Lake County will continue to provide inmates with access to Native American religious leaders.

5. Attorney's fees

Defendant Lake County agrees to pay Plaintiffs for their attorneys' fees and costs incurred in this action, reduced in compliance with 18 U.S.C. § 3626(f)(4), for a total amount of $189,400.24.

## LEGAL ARGUMENT

I. **The Court should preliminarily approve the proposed settlement agreement.**

Federal Rule of Civil Procedure 23 vests this Court with the authority and discretion to protect the interests and rights of class

members and to ensure its control over the integrity of the settlement approval process. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998). The Court first conducts a preliminary review of the settlement prior to notice being issued to the class through this motion. Upon preliminary approval of the Agreement notice to the class is required pursuant to Fed. R. Civ. P. 23(e), and the Parties' proposed Notice to Class Members is attached as Exhibit B. Upon expiration of the notice period, a fairness hearing is required in which this Court considers any objections raised by class members. Should the Court ultimately find the Agreement is fair, reasonable and adequate, the parties will move to dismiss the claims pursuant to the approved settlement.

When determining whether to preliminarily approve a class settlement agreement, courts must balance a number of factors. The relative importance of a factor will depend upon the nature of the claims, the types of relief sought, and the unique facts and circumstances in an individual case. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992). These factors include the strength of the Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation;

the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; and the experience and views of counsel. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). As detailed below, all applicable factors weigh in favor of preliminary approval.

> A. **The proposed settlement offers relief commensurate with the strength of Plaintiffs' likelihood of success on the merits and risk of maintaining class action status through the trial.**

Courts consider the strength of plaintiffs' claims when considering a proposed settlement agreement. *Churchill Vill., L.L.C.*, 361 F.3d at 576. In the case at bar, the strength of the case for plaintiffs on the merits, balanced against the relief set forth in the Agreement, weighs in favor of preliminary approval. While the instant case seeks no monetary damages and thus is not amenable to balancing an "amount offered" against the merits of Plaintiffs' case, it is clear that the scope and breadth of the injunctive relief provided in the Agreement is well-balanced against Plaintiffs' likelihood of success on the merits.

8

Even though Plaintiffs believe that the merits of their claims are strong, it is unlikely that, should Plaintiffs prevail, the relief ordered by the Court would be substantially greater than the relief provided for by the Agreement. The relief provided by the Agreement is particularly reasonable given the limits on prospective injunctive relief imposed by the Prison Litigation Reform Act (PLRA), which requires that injunctive relief "extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs . . . [and] that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1). The Court cannot directly require, in the judgment of this matter, that Lake County Jail modify the physical design of the jail. This Agreement provides for exactly such relief. The Agreement thus grants significant, meaningful relief to the Class by providing for the building of and access to an outdoor recreation area and increased capacity of the Jail's housing cells.

In addition, given that conditions at Lake County Jail are subject to and have changed over time, the strength of Plaintiffs' case at the time

9

the Agreement was negotiated may differ at the time of trial, potentially making Plaintiffs' chances of success less certain. The Agreement recognizes that Lake County has begun to implement policies that the Parties agree are constitutionally adequate, and requires the continued application of those policies.

### 1. The risk, expense, complexity, and likely duration of further litigation favor settlement.

"[I]t is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Even where the parties have already made substantial progress in their case, future hurdles such as contested motions and hearings, all favor settlement. *Rodriguez,* 563 F.3d at 966.

Here, while this matter has already consumed significant resources, continued litigation will exponentially increase the expense and complexity of this proceeding. Multiple contested motions and hearings remain if this matter were to proceed, including cross-motions for summary judgment and eventually trial. The outcome of each is uncertain. As such, this factor weighs in favor of preliminary approval of the Agreement.

### 2. The settlement is in the best interests of the class and treats all class members fairly.

Injunctive relief is fair when the remedy neither favors one class member over another nor reflects the self-interest of any favored class member. *Staton v. Boeing Co.*, 327 F.3d 938, 962-63 (9th Cir. 2003). The settlement must be fair, but not perfect. *Linney v. Cellular Alaska Partn.*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

The Agreement does not unfairly favor any single class member or subset of class members. All class members receive identical relief— access to a newly built outdoor recreation area, reduction of crowding through newly constructed housing areas, and the implementation of new jail policies. There are no damages in this matter or awards received by named Plaintiffs. Because all class members are treated equally, this factor weighs in favor of preliminary approval.

### 3. The parties have received discovery sufficient for an informed settlement.

In class action settlements, the parties need only enough information to make an informed decision about the settlement. *In re*

*Mego Fin. Corp. Securities Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). The Parties have exchanged sets of discovery responses and have completed depositions of all class representatives and multiple Lake County Jail employees. The Parties' experts conducted interviews, toured the Jail facility, and wrote reports on the conditions of the Jail. This factor, too, points in favor of preliminary approval of the Agreement.

### 4. Counsel adequately represent the class.

Competent counsel representing the parties' interests are well positioned to reach a settlement that fairly reflect the parties' expected outcome. *Rodriguez v. W. Publishing*, 563 F.3d 948, 967 (9th Cir. 2009). Absent party objection or contrary evidence in the record, counsel may be presumed competent. *See Linney*, 151 F.3d at 1241 (counsel competent where appellant did not argue counsel was unqualified or antagonistic toward class); *In re Mego Fin. Corp. Securities Litig.*, 213 F.3d at 459 (record supported finding of competency absent contrary assertion).

This Court has previously determined, and Defendants do not contest, that class counsel adequately represent the class. (Doc. 49 at 22.) Thus, this factor weighs in favor of preliminary approval of the Agreement.

B.  The proposed class notice and matter of dissemination are sufficient and reasonable.

Before a class action may be settled, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). In this case, the parties propose that this Court order the Notice attached as Exhibit B be posted by Defendant Lake County in a visible location within the Lake County Jail's booking room, visitation room, recreation room, and housing units for 30 days. This method will provide the best notice practicable under the circumstances. *See, e.g.*, *Diaz v. Romer*, 801 F. Supp. 405 (D. Colo. 1992) *aff'd*, 9 F.3d 116 (10th Cir. 1993) (holding prisoners were duly, sufficiently, and fairly notified of terms of settlement agreement in class action suits challenging conditions of confinement in seven Colorado prisons where copies of notice of proposed settlement agreement were posted in every living unit and in each law library of each of the affected prisons for 30-day period); *Chief Goes Out v. Missoula Cnty.*, 9:12-cv-00155-DWM (D. Mont. July 7, 2013).

Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill*, 361 F.3d at

13

575 (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir.1980)). Specifically, notice to the class should include class definitions, the essential terms of the proposed settlement agreement, any special benefits provided to class representatives, procedure for objecting to the settlement, the time and place of the fairness hearing, the method for objecting to the settlement, information regarding attorneys' fees, and the address and phone number of class counsel and how to make inquiries. Manual for Complex Litigation § 21.312 (4th ed.). The proposed Notice attached as Exhibit B meets all of these requirements.

## CONCLUSION

For the reasons set forth herein, the parties jointly move this Court for an Order preliminarily approving the Proposed Settlement Agreement set forth as Exhibit A and Ordering Notice to the Class by posting the Notice attached as Exhibit B in the Jail's booking room, visitation room, recreation room, and housing units for 30 days. A proposed Order is attached as Exhibit C.

Dated August 24, 2023.

Respectfully submitted,

By: /s/ *Constance Van Kley*
　　Constance Van Kley
　　Rylee Sommers-Flanagan
　　Upper Seven Law

　　/s/ *Timothy Bechtold*
　　Timothy Bechtold
　　Bechtold Law, PLLC

　　*Attorneys for Plaintiffs*


　　/s/ *Robert C. Lukes*
　　Robert C. Lukes
　　Marissa L. Heiling
　　Garlington, Lohn & Robinson

　　/s/ *Jeffrey R. Kivetz*
　　Jeffrey R. Kivetz
　　David A. Brueggen
　　Sotos Law Firm

　　*Attorneys for Defendants*

# CERTIFICATE OF COMPLIANCE

  Per Local Rule 7.1(d)(2)(E), I certify that this brief includes 2,484 words, excluding caption and certificate of compliance as counted by Microsoft Word's word count feature.

            /s/Constance Van Kley
            UPPER SEVEN LAW

            *Attorney for Plaintiffs*